Kibling *v.* Burley.

## KIBLING *v.* BURLEY.

Where a negotiable note is not made or payable in the State, and the parties thereto do not reside, at the time of making, in the State, the maker cannot be charged as trustee of the payee.

FOREIGN ATTACHMENT. The trustee in this action having completed his disclosure, from which it appeared that

prior to the service of the process upon him he had received notice from the endorsee of the note on account of which the plaintiff sought to charge him, that said note had been transferred to said endorsee, and it being admitted, for the purposes of this case, by the plaintiff's counsel, that said note was not made or payable within this State; and also, that at the time of making said note, and at the time of the service of the process on the trustee, both of the principal defendants resided without the State, no service having been made on said defendants; and it appearing also that said trustee resided within this State, the counsel for the plaintiff moved the court for an order upon the principal defendants, to appear and answer on oath all interrogatories respecting the possession, transfer, or other disposition of such note. The court declined making such order, and the question was transferred for the consideration of this court.

*Duncan,* for the plaintiff.

*Blaisdell,* for the trustee.

Woods, J. The process of foreign attachment, or trustee process as it is otherwise termed, owes its origin in this State to the province law of the 4th Geo. I., entitled " An act to enable creditors to receive their just debts out of the effects of their absent or absconding debtors." It provided (section 2) a form of process " where no goods, effects or credits of an absent or absconding debtor in the hands of his attorney, factor, agent or trustee, shall be exposed to view, or can be come at so as to be attached;" and that " if judgment be rendered for the plaintiff, all the goods, effects or credits which are in the hands of such attorney, factor, agent or trustee, to the value of such judgment, if so much there be, shall be liable and subjected to the execution granted upon such judgment for or towards

satisfying the same." The proceedings under this act were much the same as those provided by the laws now in force on the same subject.

. The statute of 1791, which was substituted for the provincial statute, provided for summoning and charging, as the trustee of the debtor, "any person having in his possession any money, goods, chattels, rights or credits of any debtor."

. The provisions of this statute were substantially embraced in that of 1829, which describes in the same terms the property of debtors liable to attachment in the hands of trustees; as does also the Revised Statutes of 1842, ch. 208, sec. 8, on the same subject.

It may be remarked that this process is unknown to the common law, and is the creature of the statute, and that its scope and effect do not extend beyond the express provisions which the statutes contain.

The statutes on this subject are founded, so far as they relate to absent or absconding debtors—by which terms are meant debtors not residing within the jurisdiction of the State—upon the clear and well settled right of States to provide, in cases of insolvency, for the payment of debts due to their own citizens, by sequestrating, by the appropriate proceedings, the property of the foreign debtor found within their borders.

Without adverting to the various questions that have arisen, as to what things in action were liable to this particular process, it will suffice to say that it has always been held in this State and elsewhere, that money due on negotiable paper was not so liable, because its negotiable character, as commonly recognized in mercantile countries, was incompatible with such liability. Such was in substance the language of the court in *Stone* v. *Deane*, 5 N. H. 22, 502, decided in 1831.

A statute passed since that decision, and embodied in the Revised Statutes of 1842, has, however, changed the

law in that particular, and has subjected negotiable paper, made under such circumstances as to derive its effect and construction from the laws of this State as the *lex loci*, to the control of the process of foreign attachment to a certain extent; that is to say, where the note is made or payable in the State, or the parties to it, at the time of its making, reside in the State. Rev. Stat., ch. 208, sec. 18.

The note in question in this case was not made or payable in the State, nor does it appear that the parties at the time of its making resided within our borders. It is not, therefore, a note described in the statute.

To hold, therefore, that the maker of such a note could be charged as the trustee of the payee, would be in derogation of the law, as declared in *Stone* v. *Deane*, and as well established in familiar practice, until the passage of the recent statutes referred to. It would, moreover, raise a question which the framers of those statutes saw fit to avoid; namely, whether a judgment, charging, as the trustee of the payee, the maker of a note negotiable by the law merchant at the time and place of its execution, would be in perfect harmony with the rights of all parties.

It is also a substantial ground for denying the motion, that the statute makes no provision for citing in the indorsee, except in those cases in which the note is made or payable as the statute points out.

The Court of Common Pleas were, therefore, unquestionably correct in denying the motion.

*Motion denied.*